IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEREMY NEWMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and ONASSIS BATISTA,

    Defendants.

No. C 16-06477 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

Plaintiff alleges violations of constitutional rights by a United States Park Police officer and federal tort claims against the government. Defendants move to dismiss. For the reasons herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

In November 2014, plaintiff Jeremy Newman was leaving an event at Herbst Pavilion in San Francisco, when he allegedly saw defendant Onassis Batista, a United States Park Police officer, screaming and cursing at two of his female friends. Newman "took hold" of one of the female's shoulders and walked with her towards the parking lot. Officer Batista allegedly followed Newman and the two women, placing his hand on his weapon and "physically positioning himself in a threatening manner." Newman took out his cell phone to video record Officer Batista, to which Officer Batista responded by threatening to take Newman to jail.

As Newman attempted to access the camera on his phone, Officer Batista approached Newman and allegedly grabbed his left wrist, placing him in a "pronating wrist-lock pain compliance hold." Officer Batista increased the pressure on Newman's wrist until he finally shoved Newman forward and told him to leave the area immediately. None of the other officers in the area intervened. As a result of the incident, Newman suffers from pain, tingling, and numbness in his left shoulder, elbow, and wrist (Dkt. No. 39 ¶¶ 8–10, 12, 14–15, 19).

Newman filed his initial complaint in the United States District Court for the Northern District of California in November 2016 (Dkt. No. 1). In August 2017, he amended the complaint, alleging four claims: (1) violation of the First Amendment against Officer Batista; (2) violation of the Fourth Amendment against Officer Batista; (3) violation of the Fifth Amendment against Officer Batista, the United States, and the Department of the Interior; and (4) violation of the FTCA against the United States (Dkt. No. 39). Defendants now move to dismiss certain claims (Dkt. No. 47). Officer Batista moves to dismiss the first and third claims pursuant to FRCP 12(b)(6). The United States moves to dismiss all claims against it pursuant to FRCP 12(b)(1). Defendants have not moved to dismiss Newman's Fourth Amendment claim.

**ANALYSIS**

**1. FRCP 12(b)(1).**

**A. FTCA Claim.**

Defendants United States and United States Department of the Interior first move to dismiss Newman's FTCA claim for lack of subject-matter jurisdiction. The FTCA "provides a waiver of sovereign immunity for tortious acts of an agency's employees [] if such torts committed in the employ of a private person would have given rise to liability under state law." *Pereira v. U.S. Postal Serv.*, 964 F.2d 873, 876 (9th Cir. 1992). Thus, to establish jurisdiction under the FTCA, Newman must show that the government's actions, if committed by a private party, would constitute a tort in California. *Love v. United States*, 60 F.3d 642, 644 (9th Cir. 1995).

2

Defendants argue that Newman predicates his FTCA claim solely on constitutional violations as opposed to state-law torts, and therefore his claim cannot proceed as pled (Dkt. No. 47 at 23). Defendants acknowledge that Newman's claim "references assault and battery," but argue that this reference is "worded in the conditional and does not contain a declarative or complete sentence, much less a coherent theory of legal liability" (*ibid.*).

Newman, on the other hand, argues that he has sufficiently stated the elements of assault, which is all that is required to support an FTCA claim (Dkt. No. 52 at 12). Newman is correct.

Our court of appeals disregards the plaintiff's characterization of the claim for relief for purposes of determining whether the alleged conduct falls within the scope of the FTCA, instead "focus[ing its] inquiry on the conduct upon which plaintiff's claim is based." *Sheehan v. U.S.*, 896 F.2d 1168, 1171 (9th Cir. 1990). In other words, it is not determinative that a plaintiff names a particular tort underlying his FTCA claim, so long as he asserts the factual predicate for an actionable FTCA violation.

Here, Newman's factual allegations state a claim for assault under California law. Specifically, Newman alleges, "As [he] proceeded to attempt to access the camera on his phone, Officer Batista quickly approached him, forcefully grabbing his left wrist, placing [Newman] in a pronating wrist-lock pain compliance hold" (Dkt. No. 39 ¶ 12); *see Brooks v. United States*, 29 F.Supp.2d 613, 617 (N.D. Cal. 1998) (Judge Delwen Jensen) (stating elements of assault). Officer Batista's alleged conduct clearly sounds in tort under California law, despite Newman failing to name the specific state law cause of action. Defendants' motion to dismiss under FRCP 12(b)(1) for lack of jurisdiction is therefore **DENIED**.

### B. FIFTH AMENDMENT CLAIM.

Defendants United States and United States Department of the Interior next move to dismiss Newman's Fifth Amendment claim for lack of subject-matter jurisdiction, on grounds of sovereign immunity. Newman does not oppose defendants' motion to dismiss this claim.

Accordingly, Newman's claims under the Fifth Amendment against the United States and the Department of the Interior are **DISMISSED**.

3

### 2. FRCP 12(B)(6).

#### A. EXCESSIVE FORCE ANALYZED UNDER FOURTH AMENDMENT.

Newman's Fifth Amendment claim against Officer Batista also fails as a matter of law. Although *Bivens*-type remedies have been allowed in certain cases for Fifth Amendment violations, "all claims that law enforcement officers have used excessive force [] in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Newman's due process claim relies on the same factual allegations which underlie his Fourth Amendment claim. Specifically, Newman claims that Officer Batista "violated [Newman]'s Fifth Amendment rights by, without warning or provocation, forcefully placing [Newman] into a pronating wrist-lock pain compliance hold with such force he caused permanent damage to [Newman]'s shoulder, elbow, and wrist" (Dkt. No. 39 ¶ 55). Because the incident here constitutes a "seizure" under the Fourth Amendment, *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968), it will be analyzed under this constitutional provision — one of Newman's two remaining claims — rather than under the Fifth Amendment. Newman's Fifth Amendment claim against Officer Batista is therefore **DISMISSED**.

#### B. NO FIRST AMENDMENT CLAIM UNDER *BIVENS*.

Officer Batista moves to dismiss Newman's First Amendment claim on the ground that *Bivens* remedies do not extend to First Amendment claims.

The Supreme Court has made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017). *Abbasi* sets forth a two-part test to determine whether a *Bivens* claim may proceed. A district court must first consider whether the claim presents a new context from previously established *Bivens* remedies. If so, it must then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding *Bivens* absent affirmative action by Congress. *Id.* at 1857, 1875.

4

"If [a] case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court], the context is new." *Id.* at 1859. *Abbasi* lays out several circumstances under which a case will present a "new context" including cases that implicate a different constitutional right from those previously recognized by the Supreme Court as a predicate for a *Bivens* claim. This is such a case. To date, the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980).

Newman's arguments to the contrary are unpersuasive. Although the Court has discussed the burden upon a plaintiff to show probable cause in a *Bivens* First Amendment retaliatory-prosecution action, *see Hartman v. Moore*, 547 U.S. 250 (2006), the only time it squarely addressed whether to extend *Bivens* to a First Amendment context, it declined to do so. *See Bush v. Lucas*, 462 U.S. 367 (1983).[*]

Moreover, these decisions are of little persuasive value in light of the more recent *Abbasi* decision, in which the Court unequivocally declared that *Bivens*, *Davis*, and *Carlson* "represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Abbasi*, 137 S.Ct. at 1855.

Although our court of appeals has gone against the federal government and joined other circuits in authorizing *Bivens* claims based on the First Amendment, *see Gibson v. U.S.*, 781 F.2d 1334 (9th Cir. 1986), *Abbasi* draws into question whether it is still prudent to do so.

Here, Newman's First Amendment claim presents a new context in *Bivens* and requires the court to consider whether there are special factors counseling against extension of *Bivens* into this area. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. *Abbasi*, 137 S.Ct. at 1858.

---

[*] In *Iqbal,* the Court assumed *arguendo* that a First Amendment claim was actionable under *Bivens* for purposes of discussing the necessary elements a plaintiff must plead in order to state a claim of unconstitutional discrimination against officials entitled to raise the defense of qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

5

This case may not be a good vehicle for deciding the extent to which federal officers should be individually liable for alleged First Amendment violations because Newman's Fourth Amendment *Bivens* claim — which is predicated upon the exact same conduct as his First Amendment claim — will adequately vindicate the Bill of Rights. In the event Newman's Fourth Amendment claim loses, then we return to the question of whether or not his First Amendment claim should be allowed in this new context.

**CONCLUSION**

Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss the Fifth Amendment claims against Officer Batista, the United States, and the Department of the Interior is **GRANTED.** Defendants' motion to dismiss the FTCA claim against the United States is **DENIED**. Defendants' motion to dismiss the First Amendment claim against Officer Batista is **DENIED** for now without prejudice to subsequent motion practice.

**IT IS SO ORDERED.**

Dated: October 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE